UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLODYMYR LOHMOTOV,<br>　　　　Plaintiff,<br><br>v.<br><br>ALAN BLAIS AND COWAN EQUIPMENT LEASING, LLC,<br>　　　　Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1332, Defendant Cowan Equipment Leasing, LLC, by and through its attorney, hereby removes to this Court the state court action described below on the basis of diversity of citizenship. In support of this notice, the Defendant states as follows:

1.　Plaintiff commenced this action by Complaint, filed in the Superior Court of the State of Massachusetts in and for the County of Middlesex, Docket No. 20-81-CV-2445 (the "State Court Action"). A Complaint was filed on October 8, 2020.

2.　Upon information and belief, the Defendant Cowan Equipment Leasing, LLC, ("Defendant") received the Summons and Complaint on November 25, 2020.

3.　Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received to date by Defendant in the State Court Action.

4.　The Plaintiff's claims in the Stare Court Action relate to alleged personal injury with damages in an amount of $250,000.00 resulting from a motor vehicle accident. *See* Exhibit A, Civil Action Cover Sheet.

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1332

5.　Removal of this case is proper pursuant to 28 U.S.C. § 1332, which entitles a defendant to remove a civil action over which this Court has diversity jurisdiction.

6. Upon information and belief, plaintiff is an individual residing in Hamtramck, Michigan. *See* <u>Exhibit A</u>, Complaint, Paragraph 1.

7. Upon information and belief, defendant Alan Blais is an individual residing in Woonsocket, Rhode Island. *See* <u>Exhibit A</u>, Complaint, Paragraph 2.

8. Defendant Cowan Equipment Leasing, LLC is a Maryland corporation. *See* <u>Exhibit A</u>, Complaint, Paragraph 3.

9. Accordingly, complete diversity of citizenship exists between the Plaintiff and the Defendants.

10. Plaintiff claims that he sustained "serious injury", *see* <u>Exhibit A</u>, Complaint, Paragraph 16, and pursuant to his counsel, will claim damages that are in excess of the $75,000.00 jurisdictional requirement pursuant to 28 U.S.C. § 1332.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

11. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed — Middlesex County, Massachusetts. *See* 18 U.S.C. §§ 1441(a), 1446(a).

12. <u>Removal is Timely</u>. Defendant is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within 30 days after service of the summons. *See* 28 U.S.C. § 1446(b): *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344. 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons."). Defendant received the Summons and Complaint in the State Court Action on November 25, 2020. *See* <u>Exhibit A</u>. Therefore, Defendant's Notice of

Removal is timely because it is being filed with the United State District Court for the District of Massachusetts within 30 days after the Defendant's receipt of the Summons and Complaint.

13.     <u>Consent of Co-Defendant is not required</u>.  Upon information and belief, Co-Defendant Alan Blais has not been served with the Summons and Complaint and therefore his consent to this removal is not required pursuant to 18 U.S.C. §§ 1441(b)(2)(C).

14.     <u>Pleadings and Process</u>. Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings, and orders received by the Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1(c), Defendant will file certified or attested copies of all records, proceedings and docket entries in the state Court within 14 days of the filing of this Notice or as soon as possible based on the delays resulting from the outbreak of SARS-CoV-2, commonly known as "COVID-19". Defendant has paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice.

15.     <u>Notice</u>. Defendants will promptly serve by first class mail upon the Plaintiff's counsel and all other parties of record this Notice of Removal. Defendant will also serve upon all parties and counsels of record and file with the Clerk of the Middlesex County Superior Court, Massachusetts, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit C</u>.

16.     <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

## **CONCLUSION**

17.     Based upon the foregoing, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

1469742v.3

18. In filing this Notice of Removal, Defendant do not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

>Respectfully submitted,
>
>Defendant,
>
>COWAN EQUIPMENT LEASING, LLC
>
>By its attorneys,
>
>*/s/Beata Shapiro*
>Beata Shapiro, BBO # 661174
>Beata.Shapiro@wilsonelser.com
>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
>260 Franklin Street, 14th Floor
>Boston, MA 02110-3112
>617-422-5300

Dated: December 18, 2020

## CERTIFICATE OF SERVICE

I, Beata Shapiro, hereby certify that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid, on December 18, 2020.

>*/s/ Beata Shapiro*
>Beata Shapiro