UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLODYMYR LOHMOTOV,<br><br>        Plaintiff,<br><br>v.<br><br>COWAN EQUIPMENT LEASING, LLC, and ALAN BLAIS,<br><br>        Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*   Civil Action No. 20-cv-12248-ADB<br>\*<br>\*<br>\*<br>\*<br>\* |

## Order

BURROUGHS, D.J.

On October 26, 2021, the Court dismissed the instant case for lack of prosecution. [ECF No. 12]. Plaintiff now asks the Court to vacate its earlier dismissal, and to both allow him to amend the complaint to add Defendant Cowan Systems, LLC, and to have an additional ninety days to serve the amended complaint. [ECF No. 16].

Federal Rule of Civil Procedure 60(b)(1) provides for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). "[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (internal citations omitted); see Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014) (quoting Karak, 288 F.3d at 19). "Our evaluation of what constitutes excusable neglect is an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Davila-Alvarez v. Escuela de Medicina Universidad Cent. del

Caribe, 257 F.3d 58, 64 (1st Cir. 2001). At bottom, however, the determination is an equitable one, and the critical factor is the reason for the movant's neglect and whether the Court is willing to excuse the neglect. Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38–39 (1st Cir. 2013).

Here, Plaintiff avers that the neglect is attributable to the negligence of his prior counsel who, due to a series of personal and professional misfortunes, essentially ignored Plaintiff's case. See [ECF No. 16-1; ECF No. 27 (affidavit of former counsel)]. Shortly after the case was removed to federal court in December 2020, Plaintiff's former counsel was informed by counsel for Defendant Cowan Equipment Leasing, LLC, that Cowan Systems, LLC, should be substituted as the proper defendant in this case. [ECF No. 16-1 at 3]. Former counsel, however, did not take any steps to amend the complaint to substitute the appropriate corporate defendant nor did former counsel properly serve Defendant Alan Blais. [Id.]. By October 2021, no further action had been taken in the case since its removal in December 2020, and the Court ordered (1) Defendant Cowan Equipment Leasing, LLC, to show cause as to why it had not answered or otherwise responded to the complaint and (2) Plaintiff to show cause as to why the case should not be dismissed as to Mr. Blais for failure to effect timely service. See [ECF No. 10]. In response, Cowan Equipment Leasing, LLC, notified the Court that it had advised Plaintiff's counsel that it was not a proper party and that Plaintiff's counsel agreed to amend the complaint accordingly. See [ECF No. 11]. With no response from Plaintiff to the show cause order or any motion to amend the complaint, the Court dismissed the case for failure to prosecute. [ECF Nos. 12, 13].

Plaintiff now asserts that his former counsel never notified him of any of these events, including failing to tell him about the need to amend the complaint, the show cause order, or even dismissal of the case. See [ECF No. 16-1 at 4–5; ECF No. 16-2 (Plaintiff's affidavit)]. In

fact, Plaintiff claims he did not learn that the case had been dismissed until March 21, 2022, when another lawyer checked the docket for him. [ECF No. 16-1 at 5]. Moreover, when Plaintiff inquired about the status of the case, former counsel told him it was "moving forward in the usual course." [Id.]. In an affidavit provided in support of Plaintiff's motion, his former counsel acknowledges his failures in his representation of Plaintiff, and attributes those failures to, inter alia, several changes in staffing at his law firm; counsel's own medical issues which required hospitalization, surgery, and a four-month recovery; mental health issues suffered by the lawyer assigned to this case; the death of a colleague; and the death of a close family member. [ECF No. 27]. Further, former counsel asserts that he never received the Court's show cause order, or Defendant's response, because they went to his email's spam folder. [Id.].

Defendant Cowan Equipment Leasing, LLC, argues that Plaintiff cannot simply shift blame to counsel, that he has offered no convincing reason to excuse his total inaction in this case, and urges the Court to deny the motion. [ECF No. 18]. The First Circuit has stated that "dismissal for failure to prosecute is usually not appropriate for garden-variety, isolated instances of attorney negligence," Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2, 874 F.3d 763, 765 (1st Cir. 2017), but appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance[,]" id. While the conduct of Plaintiff's prior counsel may rise above garden-variety negligence, the Court does not find that it reaches the level of egregious disobedience that warrants the harsh sanction of dismissal. Though Plaintiff is indeed responsible for the action, or inaction, of his lawyer, Plaintiff has testified in his affidavit that counsel misled him about the status of the case. [ECF No. 16-1 at 5; ECF No.16-2 at 17]. Plaintiff also seemingly acted promptly upon learning of the dismissal by hiring current

counsel and taking steps to vacate the dismissal. [Id.]; compare with Davila-Alvarez, 257 F.3d at 63–66 (denying relief from dismissal under Rule 60(b)(1) where Plaintiff made "little or no attempt" to explain the negligence on the part of counsel, there was no evidence that counsel had not received the multiple notices and discovery requests sent his way, and where counsel's good faith was in question as he failed to respond to multiple phone calls and messages from defendants and entirely ignored a pretrial conference). Moreover, Defendants cannot claim serious prejudice resulting from delay when both Cowan Systems, LLC, and its employee, Mr. Blais, have been aware of the incident and Plaintiff's claims for damages. [ECF No. 16-1 at 9].

Although the First Circuit has taken a somewhat "harsher tack" than other circuits, Davila-Alvarez, 257 F.3d at 64 (internal quotation marks omitted), district courts nonetheless have "wide discretion in deciding Rule 60(b) motions," Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002). In light of all of the facts and circumstances, and the First Circuit's strong preference that cases be resolved on their merits, Keane, 874 F.3d at 765, the Court finds that Plaintiff has offered sufficient reasons to excuse his neglect. Having said that, Plaintiff is warned that the Court will not be as generous regarding any further failures to respond to court orders and deadlines.

Accordingly, Plaintiff's motion, [ECF No. 16], is GRANTED and the Court's prior order dismissing the case, [ECF No. 12], is VACATED. For those same reasons, Plaintiff's requests to file an amended complaint and for an extension of the service deadline, [ECF No. 16], are also GRANTED, see Fed. R. Civ. P. 4(m) (extensions to serve may be granted for good cause); Fed. R. Civ. P. 15(a)(2) (leave to amend should be freely given when justice so requires). Plaintiff, however, is ORDERED to serve defendants within forty-five (45) days of this Order.

4

**SO ORDERED.**

June 7, 2022                                                            /s/ Allison D. Burroughs
                                                                        ALLISON D. BURROUGHS
                                                                        U.S. DISTRICT JUDGE